[Cite as *Jiang v. Sun*, 2026-Ohio-1136.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DILLON JIANG

    Appellant

    v.

TIFFANY YONGHONG SUN, et al.

    Appellee

C.A. No.    31239

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2021-09-2600

DECISION AND JOURNAL ENTRY

Dated: March 31, 2026

---

CARR, Presiding Judge.

{¶1}    Plaintiff-Appellant Dillon Jiang ("Husband") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms the judgment as modified below.

I.

{¶2}    Husband and Defendant-Appellee Tiffany Yonghong Sun were married in China in 1998. Two children were born of the marriage; they were emancipated at the time the divorce decree was entered. Husband's company, Megalight, Inc., was incorporated in Ohio in 2004. That business served as the parties' main source of income during the marriage. Husband used the business to pay for many of the parties' expenses.

{¶3}    When Wife initially moved to the United States, she spoke no English and had to take classes to learn the language. Ultimately, Wife was able to obtain an MBA; a degree Husband also possessed. Through much of the marriage, Husband traveled back and forth between China

and Ohio, sometimes staying in China for six months at a time. Thus, Wife was often alone raising the two children, although she did for a period of time have help from her parents.

{¶4} Wife worked for a year at the Federal Reserve Bank and then began working for Megalight, Inc. Wife testified that there was a portion of time when she was not working for Megalight, Inc., but was still being paid for doing so. In 2021, Husband terminated Wife's employment at Megalight, Inc.

{¶5} The parties had an affluent lifestyle during their marriage. They owned multiple properties, several luxury vehicles, traveled extensively, and sent their children to private schools. The parties stipulated that the value of Megalight, Inc. was $4,750,000.

{¶6} In 2021, Husband filed a complaint for divorce, and Wife filed a counterclaim also seeking a divorce. Following years of litigation, a decree of divorce was filed September 4, 2024.

{¶7} Husband has appealed, raising four assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DIVIDED THE MARITAL PROPERTY.

{¶8} Husband argues that the trial court abused its discretion in dividing the marital property. Specifically, Husband argues that the trial court used the wrong figure in awarding him the 2020 Mercedes Benz GLE 450. The parties stipulated that the value of the vehicle was $44,414 and that it was subject to a loan of $24,148. Thus, there is $20,266 of equity in the vehicle.

{¶9} With respect to other marital property, the chart created by the trial court demonstrating the equitable allocation of assets lists the amount of equity in the respective asset. However, as for the 2020 Mercedes Benz GLE 450, an asset allocated to Husband, the chart reflects the total value of the asset, not its equity.

{¶10} This was clearly a typographical error on the part of the trial court. Accordingly, the chart containing the trial court's division of marital property is hereby modified to reflect that the number next to the 2020 Mercedes Benz GLE 450 is $20,266, and not $44,414.

{¶11} Husband asks us to remand the matter to the trial court for it to undertake a de novo recalculation of the property division; however, we cannot say that Husband has demonstrated that the trial court abused its discretion in dividing the marital property.

{¶12} "A trial court is vested with broad discretion when fashioning a division of marital property." *Fatokun v. Fatokun*, 2025-Ohio-1131, ¶ 19 (9th Dist.), quoting *Naylor v. Naylor*, 2004-Ohio-4452, ¶ 16 (9th Dist.). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶13} Here, the trial court's clerical error, while undoubtedly representing a significant sum of money, only encompasses a minute percentage of this multimillion-dollar property division. *See Wroblewski v. Wroblewski*, 1993 WL 256326, *5 (4th Dist. June 29, 1993) ("[T]his court will not attempt to fine-tune a trial court's property distribution where the error complained of is insignificant in light of the overall value of the marital estate.") Moreover, Husband received the benefit of a $36,563 tax refund that he failed to divide with Wife. While the tax refund was not expressly divided in the decree, on appeal, Wife herself acknowledged waiving any claim to it by failing to request division of it in her proposed findings of fact and conclusions of law. Thus, notwithstanding the trial court's clerical error in recording the vehicle in its chart, Husband has not demonstrated that the trial court abused its discretion in its distribution of martial property.

{¶14} Husband's assignment of error is overruled; however, the trial court's judgment is modified as set forth above.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CHARACTERIZED AND DIVIDED THE MARITAL DEBT.

{¶15} Husband asserts in his second assignment of error that the trial court abused its discretion in characterizing and dividing marital debt. Specifically, Husband finds fault with the trial court's characterization of certain alleged debts from two Chinese judgments and a potential offshore tax liability.

{¶16} "Although the allocation of debt is not specifically addressed in [R.C. 3105.171(C)], the division of property also includes martial debt. A trial court's division of marital debt is reviewed for an abuse of discretion." (Internal quotations and citations omitted.) *Braidy v. Braidy*, 2013-Ohio-5304, ¶ 11 (9th Dist.).

### Chinese Judgments

{¶17} The trial court found that Husband submitted two copies, printed off the internet, of "purported judgments from Chinese courts that he allege[d] [were] marital debts." One of the judgments was issued in 2012 against a defunct Chinese company, Yangzhou Meifeng Lighting Technology Co., Ltd. ("Meifeng"), which had been owned by Husband. The litigation involved the failure to pay back a loan. The other judgment was issued in 2016 and ordered Husband and another individual to repay a loan they had guaranteed for Meifeng. Husband did not participate in the litigation.

{¶18} The trial court found that Husband did not obtain certified copies of the judgments and provided no documentation to demonstrate what, if anything, was owed on the loan at the time of trial. The trial court also found that Husband failed to disclose the alleged debt on his property affidavit filed only months prior to trial and on mortgage applications. The trial court noted that Husband had traveled to China since the judgments were issued and that China had not made any

attempts to enforce the judgments in Ohio. Husband does not appear to contest these findings on appeal.

{¶19} The trial court concluded that it was "extremely speculative whether Husband will ever have to pay back these debts if they are even in existence." The trial court observed that Husband's conduct suggests that he "has very little concern regarding the debts owed in China." Ultimately, the trial court indicated that "these debts are speculative in nature and not likely to be paid. Further, the Court finds that Husband is in the best position to pay any judgments, if in existence, and therefore shall assume any liability associated with those judgments and indemnify and hold Wife harmless."

{¶20} This Court concludes that the trial court essentially found that Husband failed to establish that the debts actually existed at the time of trial. The trial court used words such as "purported[,]" and "speculative" to describe the judgments. In an apparent effort to stave off additional potential litigation, the trial court went on to order that Husband would be responsible for the debts if they did in fact exist. Under the circumstances before us, we cannot say that Husband has demonstrated that the trial court acted unreasonably. Husband was in the best position to provide evidence in support of the alleged debt and any amounts that Husband asserted remained unpaid. The trial court acted within its discretion in concluding that Husband failed to substantiate the existence of the debt at the time of trial.

### Potential Offshore Tax Liability

{¶21} Husband appears to assert that Megalight, Inc. was not correctly valued because the valuation failed to consider a potential offshore tax liability. We conclude that Husband has invited this error.

{¶22} "The doctrine of invited error holds that a litigant may not take advantage of an error which he himself invited or induced." (Internal quotations and citation omitted.) *State v. Grether*, 2019-Ohio-4243, ¶ 27 (9th Dist.). "A stipulation is a voluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate the need for proof or to narrow the range of litigable issues." (Internal quotations and citations omitted.) *State v. Harvey*, 2020-Ohio-329, ¶ 51 (3d Dist.). "Pursuant to [the] doctrine [of invited error], a party cannot claim that a trial court erred by accepting the party's own stipulation." (Internal quotations and citations omitted.) *Id.* Here, Husband stipulated to the value of Megalight, Inc.

{¶23} Husband's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY "DOUBLE DIPPING" WHEN IT AWARDED SPOUSAL SUPPORT BASED ON BUSINESS PROFITS THAT WERE ALSO COUNTED IN THE PROPERTY DIVISION.

{¶24} Husband argues in his third assignment of error that the trial court abused its discretion as it engaged in prohibited double dipping when it calculated Husband's income for purposes of calculating spousal support. Husband's premise is that double dipping is always prohibited. Because Husband's premise is faulty, he has not established the trial court abused its discretion.

{¶25} First, Husband has improperly defined double dipping as "the double counting of a marital asset, once in a property division and again in the spousal support award." However, "a double dip [actually] occurs when a court twice counts a *future income stream*—once in valuing the marital asset and once in deciding the economically superior spouse's ability to pay spousal support. It is the future income stream, not the marital asset, that is the subject of the doubling in

the double dip." (Emphasis in original. Internal quotations omitted.) *Kim v. Kim*, 2020-Ohio-22, ¶ 39 (9th Dist.), quoting *Gallo v. Gallo*, 2015-Ohio-982, ¶ 18 (10th Dist.).

**{¶26}** Further, Husband is incorrect that double dipping is always prohibited. "R.C. 3105.18(C)(1)(a) precludes an outright prohibition of double dipping because the statute 'requires a court to consider all sources of income, including income derived from a marital asset divided in the property distribution, in determining spousal support.'" *Kim* at ¶ 39, quoting *Gallo* at ¶ 32. While Husband relies on *Heller v. Heller*, 2008-Ohio-3296 (10th Dist.), in support of his position that double dipping is per se prohibited, *Heller* was overruled in *Gallo*, and this Court adopted the rationale of *Gallo* in *Kim*. *See Gallo* at ¶ 32; *Kim* at ¶ 39.

**{¶27}** This is not to say that the potential for double dipping and its effect should be disregarded by the trial court. *See Kim* at ¶ 39; *Gallo* at ¶ 33. Instead, "a trial court should, in the interest of equity, consider the impact of double dipping [w]ith an eye to avoiding unfairness[.]" (Internal quotations and citations omitted.) *Kim* at ¶ 39. Nonetheless, "a trial court may determine that some circumstances, such as the disparity in income between the parties, override the unfairness in double dipping." *Gallo* at ¶ 34; *Kim* at ¶ 43.

**{¶28}** As Husband's argument is almost exclusively focused on the faulty assertion that double dipping is always prohibited, Husband has failed to demonstrate that the trial court abused its discretion under the particular facts and circumstances of this case. There can be no dispute that the trial court devoted several pages of its judgment entry to discussing the issue of spousal support, including a thorough discussion of the income of the parties and the other factors listed in R.C. 3105.18(C)(1). It is equally clear that there is a huge disparity in the parties' incomes and earning abilities. *See Gallo* at ¶ 34; *Kim* at ¶ 43. In sum, Husband has not met his burden on appeal in light of his limited argument.

**{¶29}** Husband's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CONDITIONED PURGE ON FUTURE COMPLIANCE WITH THE JUDGMENT ENTRY OF DIVORCE.

**{¶30}** Husband argues in his fourth assignment of error that the trial court abused its discretion in issuing a contempt order that essentially did not provide him with a meaningful opportunity to purge his contempt.

**{¶31}** Husband was found in contempt for liquidating two accounts in violation of the mutual restraining order, failing to pay temporary spousal support in a timely manner, and removing an extensive collection of antiques from the marital residence in violation of trial court orders.

**{¶32}** Husband was "sentenced to 30 days in jail . . . [which was] suspended so long as Husband complie[d] with the terms of th[e] Decree." The decree further provided that a purge hearing would be held in October 2024.

**{¶33}** It is true that this Court has previously "determined that contempt sanctions that merely regulate future conduct are a nullity because they 'simply amount [ ] to the court's reaffirmation of its previous [] order and can have no effect since any effort to punish a future violation of the [] order would require new notice, hearing and determination.'" *Harvey v. Harvey*, 2010-Ohio-4170, ¶ 7 (9th Dist.), quoting *Forrer v. Buckeye Speedway Inc.,* 2008-Ohio-4770, ¶ 55 (9th Dist.). However, unlike the facts of *Harvey* or *Forrer*, which required the contemnors to essentially continually adhere to the trial court orders, *Harvey* at ¶ 6; *Forrer* at ¶ 55, it is clear that the order here envisioned only that Husband would comply with the aspects of the decree that

could be completed from its issuance in September 4, 2024, until the purge hearing October 4, 2024. Accordingly, Husband was afforded a meaningful opportunity to purge the contempt.

{¶34} Husband's fourth assignment of error is overruled.

### III.

{¶35} Husband's assignments of error are overruled. The judgment is modified to correct the trial court's property division chart as discussed above in the first assignment of error.

Judgment affirmed as modified.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, J.
<u>CONCURS.</u>

STEVENSON, J.
<u>DISSENTING.</u>

{¶36}   I respectfully dissent from this Court's decision on Assignment of Error I. I would not conclude that an over $20,000 error in the Court's property division is insignificant regardless of the amount of marital assets. Nor do I find *Wroblewski v. Wroblewski*, 1993 WL 256326, *5 (4th Dist. June 29, 1993) to be persuasive authority. I would reverse the trial court's decision and remand the matter for the court to use the correct value of equity of the motor vehicle. Otherwise, I concur with the majority's disposition of the remaining assignments of error.

<u>APPEARANCES:</u>

ANDREW ZASHIN and DOUGLAS R. HENRY, Attorneys at Law, for Appellant.

RANDAL LOWRY and ADAM MORRIS, Attorneys at Law, for Appellee.